**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00640-WYD-CBS

COREY HANSEN, JOHN LAWLEY, and MARK SOUTHWICK,

Plaintiffs,

v.

RUDI'S ORGANIC BAKERY, INC., and

ABM INDUSTRIES INCORPORATED,

Defendants.

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion and finds that the Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1. The Parties have stipulated and agreed to the terms of and entry of this Stipulated Protective Order.

2. Pursuant to Rule 26(c), this Stipulated Protective Order shall govern the handling of documents, materials, and information including without limitation, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions and any other information produced, given or exchanged by and among the Parties and non-parties to this action.

3. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that has previously been maintained in a confidential manner and is entitled to protection under Fed. R. Civ. P. 26(c)(1), and that contains: (a) personnel information concerning current and former employees of Defendants, to the extent that such information is private and is not generally known to the public; (b) proprietary business information of Defendants that, if not restricted as set forth in this Order, would likely cause the producing or disclosing person competitive or financial injury or subject the producing or disclosing person to potential legal liability to third parties; (c) information containing trade secrets; and (d) information relating to Plaintiffs concerning personal matters not generally known to the public, such as, but not limited to, Plaintiffs' financial and medical information. Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer who will confirm that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "Confidential" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(b)(2) & (3).

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall

not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed, summarized, described, or communicated in any way, except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys to resolve this dispute, including during pre-trial, trial, and post-trial proceedings;

    (c) the Parties, including designated representatives for Defendants and their employees;

    (d) expert witnesses, consultants and investigators retained in connection with this proceeding, to the extent such disclosure is necessary to resolve this dispute, including but not limited to pre-trial, trial, and post-trial proceedings;

    (e) the Court, its employees and members of the Jury ("Court Personnel");

    (f) stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses;

    (h) individuals serving as mediators with regard to these proceedings;

    (i) other persons by written agreement of the Parties; and

    (j) Independent providers of document reproduction, electronic discovery or other litigation services retained or employed specifically in connection with this lawsuit.

    6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters and videographers), counsel shall provide such person with a copy of this Stipulated Protective Order

and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. No copies of CONFIDENTIAL documents and materials shall be made except by or on behalf of the persons listed in the subsections of paragraph 5 above. To the extent such authorized persons require copies of CONFIDENTIAL documents or materials, any such copies shall be used solely for the purposes permitted hereunder.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party or parties.

10. Any Party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11. Before any Party submits documents, including motions, briefs, and exhibits, containing Confidential Discovery Material to the Court, that Party shall first determine whether it is feasible to redact as appropriate personal identifying information such as social security numbers and full names of non-party individuals with privacy interests so that the individual cannot be identified on basis of the exhibit itself, and other Confidential information to the extent feasible so that it is not necessary to file the material under restricted access. If the presence of Confidential Discovery Material cannot be redacted sufficiently to avoid filing it under restricted access, the filing Party shall request that the submissions, or portions thereof, be filed under restricted access in accordance with Local Rule 7.2, including a motion to restrict access setting forth the requirements of Local Rule 7.2(c)1-5. The non-filing Party may also file a motion to restrict access if the filing party fails to do so. The Parties shall attempt to agree on whether particular material must be filed with a motion to restrict access before it is filed. To the extent that Court Rules governing the E-filing of documents modify the procedures for filing Confidential Discovery Material under restricted access, the Parties shall follow such rules. All such materials so filed shall be released from confidential treatment only upon further order of the Court.

12. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

13. If testimony concerning Confidential information is elicited at a deposition, hearing or trial, counsel for any Party may request that a designated portion of the transcript be treated as CONFIDENTIAL information subject to the provisions of this Stipulated Protective Order. Such designation may be made on the record during the deposition whenever possible,

but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      14.    A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the objection is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to arrange a telephone conference with the Court, in accordance with the CIVIL PRACTICE STANDARDS of MAGISTRATE JUDGE CRAIG B. SHAFFER, to discuss whether the disputed information should be subject to the terms of this Stipulated Protective Order. If the matter is not resolved in the telephone conference, that designating Party shall file an appropriate written motion with the Court within five (5) business days of that telephone conference, or as otherwise directed by the Court. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

15. At the conclusion of this case, unless other arrangements are agreed upon, the Parties shall continue to treat information designated as CONFIDENTIAL subject to this Protective order. Within sixty (60) business days after the final resolution each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL, or the Parties may elect to have their counsel destroy CONFIDENTIAL documents within thirty (30) days after the conclusion of the matter.

16. Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that the Party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

DATED this  3rd  day of   August        , 2015.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge


APPROVED AS TO FORM:

KING & GREISEN, LLP

By: */s/ Paula Greisen*
    Paula Greisen
    Meredith A. Munro
    1670 York Street
    Denver, CO 80206
    Telephone: (303) 298-9878
    Fax: (303) 298-9879

ATTORNEY FOR PLAINTIFFS

MARTINEZ LAW GROUP, P.C.

By: */s/ Meghan W. Martinez*
   Meghan W. Martinez
   Dayna L. Dowdy
   720 South Colorado Boulevard
   South Tower, Suite 1020
   Denver, Colorado 80246
   Telephone: (303) 597-4000
   Fax: (303) 597-4001

ATTORNEY FOR DEFENDANT
ABM INDUSTRIES INCORPORATED

OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.

By: */s/ Austin Smith*
   Austin Smith
   Raul Chacon, Jr.
   1700 Lincoln Street, Suite 4650
   Denver, CO 80203
   Telephone: (303) 764-6800
   Fax: (303) 831-9246

ATTORNEY FOR DEFENDANT
RUDI'S ORGANIC BAKERY, INC.